COMMONWEALTH *vs.* RAUL VILLAFUERTE. No. 07-P-1305. September 3, 2008. *Indecent Assault and Battery. Evidence,* Consciousness of guilt, Flight. *Practice, Criminal,* Instructions to jury, Jury and jurors, Deliberation of jury. *Jury and Jurors.*

A grand jury returned fifteen indictments against the defendant, five charging rape of a child, G. L. c. 265, § 23, and ten charging indecent assault and battery on a child under the age of fourteen, G. L. c. 265, § 13B. The indictments involved the sexual abuse of a foster child who lived with the defendant's sister between the years of 1990 and 1996. At a jury trial in the Superior Court, the defendant testified and denied the allegations. At the conclusion of the Commonwealth's evidence, the judge, at the prosecutor's request, dismissed two counts of rape and three counts of indecent assault and battery on the basis that there was insufficient evidence to support the charges.[1] The jury returned guilty verdicts on the remaining indecent assault and battery charges, but could not reach a verdict on the three remaining rape charges. At the request of the Commonwealth, the rape charges were ultimately dismissed.

On appeal the defendant argues that (1) the evidence did not support an instruction on consciousness of guilt, (2) the instruction to the deadlocked jury was unduly coercive, and (3) the evidence was insufficient to sustain the indecent assault and battery indictment related to the time period between 1990 and 1991.

1. *Consciousness of guilt instruction.* On appeal the defendant argues that the evidence that showed he went to Peru about a month after he was informed of the allegations did not support a consciousness of guilt instruction and therefore it was error for the judge to give that over his objection.

A consciousness of guilt instruction is "permissible when there is an 'inference of guilt that may be drawn from evidence of flight, concealment, or similar acts,' such as false statements to the police, destruction or concealment of evidence, or bribing or threatening a witness." *Commonwealth* v. *Stuckich,* 450 Mass. 449, 453 (2008), quoting from *Commonwealth* v. *Toney,* 385 Mass. 575, 584 & n.4 (1982). In order to determine whether a consciousness of guilt instruction is warranted, a judge need only employ a relevancy standard. *Commonwealth* v. *Toney, supra* at 583-584. In the case of flight, the evidence must be probative of the defendant's feelings of guilt concerning the crime of which he is accused. *Id.* at 584.

Here, the undisputed evidence showed that after living in this country for nine years, the defendant quickly secured his departure for Peru and left within a month of having been informed of the charges at issue. See and compare *Commonwealth* v. *Figueroa,* 451 Mass. 566, 579-580 (2008). He claimed that he had received paperwork from the immigration office, indicating that he had to return to his native Peru to complete and receive the documentation necessary to become a permanent resident of the United States. He remained away for four years; however, he produced no documents at trial to support his contention that he returned to Peru to improve his immigration status.

Regardless of the defendant's explanation, the jury were not required to believe that explanation, and the timing and length of his departure permitted

---

[1] These indictments covered two one-year time periods, specifically, the period from 1990 to 1991 and the period from 1994 to 1995.

an inference that he fled because he felt guilty about the crime he was accused of committing. *Commonwealth* v. *Carrion*, 407 Mass. 263, 277 (1990). Contrast *Commonwealth* v. *Stuckich*, 450 Mass. at 452-453. See also *Commonwealth* v. *Jackson*, 419 Mass. 716, 731 (1995); *Commonwealth* v. *Jacobson*, 19 Mass. App. Ct. 666, 681 (1985); *Commonwealth* v. *Cameron*, 69 Mass. App. Ct. 741, 747 (2007).

The defendant argues that the term "flight" should not be misused for "departure" and claims that the Commonwealth bore the burden of persuasion on the issue of "flight" and "consciousness of guilt." The defendant relies on *Commonwealth* v. *Kane*, 19 Mass. App. Ct. 129, 137 & n.6 (1984), which involved the defendant's absence at trial, not the defendant's flight in anticipation of being charged with a crime. A defendant's absence from trial is governed by Mass.R.Crim.P. 18, 378 Mass. 887 (1979), which requires the Commonwealth to prove the absence was voluntary before a negative inference is permitted. No such requirement is imposed before an instruction on consciousness of guilt may be given. See *Commonwealth* v. *Toney*, 385 Mass. at 583-584. The only necessary preliminary showing is that the evidence of flight be probative of feelings of guilt. That connection was established in this case.

The defendant attempts to bolster his position by claiming that the evidence "was uncontroverted . . . that the defendant was required by immigration officials to leave the country," thereby proving that he did not leave because he had a guilty conscience. We think the jury fairly could infer that the lack of documentation was salient, and thus conclude from such a lack that no status change was underway. While we recognize that the defendant was certainly under no obligation to produce supporting documentation, neither were the jury obliged to believe the defendant's testimony.

The defendant's additional contention that the consciousness of guilt instruction was incorrect because it did not comport with the requirements set forth in *Commonwealth* v. *Kane, supra* at 137-138, is off the mark. As noted above, the situation presented in *Kane* is not governed by the same standards as is the situation at bar. The instruction in this case comported in all material respects with the requirements for such an instruction approved in *Commonwealth* v. *Toney*, 385 Mass. at 585.

2. *Instruction to deadlocked jury.* When the jury in this case reported that they were deadlocked, the judge gave the *Tuey-Rodriquez* charge, as set forth in *Commonwealth* v. *Rodriquez*, 364 Mass. 87, 98, 101-102 (1973).[2] See *Commonwealth* v. *Tuey*, 8 Cush. 1 (1851). To that instruction the judge added the following paragraph.

> "So I'm going to ask you to give careful consideration to those thoughts that I have just read to you, and to keep in mind that if you ultimately cannot reach a verdict, then what has to happen is, we need to start all over again. A new jury needs to be selected. The evidence presented again. And the case submitted to a new jury. There's no reason to think that the jury would be in a better position than you are. And it is in everyone's interest that the case be decided."

___

[2]Although the defendant argues that the judge's substitution in one instance of "however" for "but" was error, we disagree. The main charge given by the judge is identical in all material respects to that set forth in *Commonwealth* v. *Rodriquez, supra*. There is no error.

The defendant did not object, but moved the next day for a mistrial, claiming that the additional language placed "inordinate pressure on the jury" to reach a verdict. The judge denied the motion. On appeal the defendant argues that the supplemental instruction "firmly implied an obligation on the part of this jury to decide the case."

It is beyond dispute that a judge must avoid language that may coerce the jury into reaching a verdict. See, e.g., *Commonwealth* v. *O'Brien*, 65 Mass. App. Ct. 291, 294 (2005). In particular, a judge may not depart from the *Tuey-Rodriquez* charge with language compelling the jury to reach a verdict by stating, for example, that "the case must at some time be decided." *Commonwealth* v. *O'Brien*, *supra* at 295, quoting from *Commonwealth* v. *Rodriquez*, 364 Mass. at 98-99. See *Commonwealth* v. *Tuey*, 8 Cush. at 2.

In this case, the "remarks fell short of the frequently criticized statement from the *Tuey* charge," as noted above, that "the case must at some time be decided." *Commonwealth* v. *Mascolo*, 6 Mass. App. Ct. 266, 274-275, cert. denied, 439 U.S. 899 (1978), citing *Commonwealth* v. *Tuey*, *supra*. The supplemental instruction did not state that the case must be *decided* but merely alerted the jury to the reality that it could be tried again before another jury. In addition, the instruction had the unintended effect of informing the jury that there was only one alternative available if they could not reach a decision. That the instruction implied that retrial was the only option, when a plea or a dismissal constituted other possible outcomes, while inaccurate, did not convert the statement to a coercive one.

We are bolstered in our conclusion that the jury well understood that they were not coerced where they returned a partial verdict on the lesser offenses of indecent assault and battery and were not able to reach a decision on the rape charges. See *Commonwealth* v. *Martins*, 38 Mass. App. Ct. 636, 641 (1995).

3. *Insufficient evidence.* The Commonwealth and the defendant properly agree that no evidence was submitted to support the indictment involving the time period between October 19, 1990, and October 18, 1991. The indictment charged one count of indecent assault and battery. The conviction on this count must be reversed, and as the Commonwealth notes, because the sentencing structure includes a consecutive sentence to follow this conviction, the case must be remanded "for reconsideration and, in the judge's discretion, resentencing." See, e.g., *Commonwealth* v. *Martin*, 425 Mass. 718, 722-723 (1997).

The judgment of conviction of indecent assault and battery occurring on divers dates between October 19, 1990, and October 18, 1991, is vacated, the verdict is set aside, and the underlying indictment must be dismissed. The judgments of conviction of the remaining indictments are affirmed. The case is remanded for reconsideration and, in the judge's discretion, resentencing on the remaining convictions.

*So ordered.*

*Jane Larmon White*, Committee for Public Counsel Services, for the defendant.

*Varsha Kukafka*, Assistant District Attorney, for the Commonwealth.