## Commonwealth *vs.* William Gray.

No. 12-P-1277.

Hampden. November 5, 2013. - March 17, 2014.

Present: Cypher, Brown, & Fecteau, JJ.

*Assault and Battery. Practice, Criminal,* Bill of particulars, Variance. *Evidence,* Collateral matter. *Due Process of Law,* Elements of criminal offense.

A Superior Court judge erred in allowing a criminal defendant's motion to set aside the verdict convicting him of assault and battery, where, despite discrepancies between the bill of particulars and the defendant's testimony at trial on peripheral matters, the defendant admitted to the essential elements of the crime; and where the defendant did not show prejudice arising from the discrepancies, in that he did not lack notice to prepare his defense; further, the discrepancies did not convert a single incident into two distinct events that must be charged and proved separately. [87-89]

Indictment found and returned in the Superior Court Department on November 5, 2009.

The case was tried before *Richard J. Carey,* J.; a motion to set aside the verdict was considered by him, and a motion for reconsideration was heard by him.

*Katherine E. McMahon,* Assistant District Attorney, for the Commonwealth.

*Deborah Bates Riordan* for the defendant.

Brown, J. After a jury trial in the Superior Court, the defendant was convicted of a single count of assault and battery and was acquitted of extortion by threats, improper use of a credit card, and unarmed robbery. The day after the trial concluded, the defendant moved to set aside the jury's guilty verdict; the motion was denied. The defendant later moved for reconsideration, and after a nonevidentiary hearing, the trial judge allowed the motion in a written memorandum of decision. The Commonwealth has appealed.

The charges arose from an incident that occurred after the victim had consensual sex with the defendant at the defendant's apartment. Relevant to the single count on which the defendant was convicted, the Commonwealth proffered evidence that showed, after the sex act, at about 4:00 P.M., the victim, at the defendant's request, drove him to a nearby Friendly's Restaurant (Friendly's), where a disagreement erupted in the parking lot. According to the victim, the defendant demanded payment for the sexual encounter, and when the victim refused, the defendant grabbed the registration documents and other paperwork from the glove compartment of the victim's vehicle. When the victim tried to stop him, the defendant struck him multiple times in the head, breaking the victim's tooth and cutting his ear. The victim described a series of subsequent events that were the foundation for the additional charges of which the defendant was acquitted.

The bill of particulars the Commonwealth provided to the defendant before trial mirrored this version of events as well as the evidence presented to the grand jury. In relation to the assault and battery charge, the document stated that it occurred at "Friendly's on Sumner Avenue" at "[a]pproximately 2:30-5:00 P.M." and that "[t]he defendant punched [the victim] in the mouth."

The defendant's testimony at trial, however, conflicted with portions of these particulars. He denied going to Friendly's with the victim. He testified that after the two men engaged in sex, he briefly left his apartment with permission to use the victim's automated teller machine (ATM) card, and returned shortly before 5:00 P.M. with cash and alcohol. The defendant testified that when he entered his apartment, he saw the victim appear to be downloading child pornography onto the defendant's laptop computer, and he "went off." He described hitting the victim with his hands and probably his fists, as well as with a bottle of alcohol and a cellular telephone. As he was being struck, the victim grabbed his clothes and fled the apartment, with the defendant following behind him, throwing things at him as he made his way out of the building.

*Motion to set aside the verdict.* The trial judge focused on the bill of particulars and determined that it limited the scope of the indictment to the incident in the Friendly's parking lot. Because

the jury acquitted the defendant of all the charges except the offense to which he admitted, the judge opined that since there were two incidents, the jury "very likely convicted [the defendant] of a crime for which he had not been indicted" — the assault and battery in the defendant's apartment, rather than the assault and battery in the Friendly's parking lot — and set aside the verdict.

*Discussion.* On appeal the Commonwealth argues that there was a single assault and, as the disputed evidence relates solely to the location of that assault, reversal is not warranted because location is not material to any element of the crime.

"In general, a crime must be proved as charged and must be charged as proved. But a defendant is not to be acquitted on the ground of variance between the allegations and proof if the essential elements of the crime are correctly stated, unless he is thereby prejudiced in his defense. G. L. c. 277, § 35." *Commonwealth* v. *Geisler*, 14 Mass. App. Ct. 268, 275 (1982), quoting from *Commonwealth* v. *Grasso*, 375 Mass. 138, 139 91978).

Here, the indictment correctly recited the essential elements of the crime, stating the defendant "did assault and beat" the victim. See, e.g., *Commonwealth* v. *Burke*, 390 Mass. 480, 482 (1983), quoting from *Commonwealth* v. *Farrell*, 322 Mass. 606, 620 (1948) (harmful battery is "[a]ny touching 'with such violence that bodily harm is likely to result' "); *Commonwealth* v. *Eberhart*, 461 Mass. 809, 818 (2012). The crime of assault and battery, however, has "no essential connection with the place in which it is committed," and for that reason, the place where it occurred need not be alleged and is not an essential element of the crime the Commonwealth must prove. *Commonwealth* v. *Geisler*, 14 Mass. App. Ct. at 276, quoting from *Commonwealth* v. *Parotta*, 316 Mass. 307, 309 (1944). G. L. c. 277, § 20. That the crime may have occurred at the defendant's apartment rather than in the Friendly's parking lot is not material to proof of the crime. *Commonwealth* v. *Roby*, 462 Mass. 398, 402-404 (2012) (instruction that changed location of rape from defendant's motor vehicle, alleged in indictment, to bedroom was not material and did not prejudice defendant). Simply because there is a variance between the bill of particulars and the evidence introduced at trial, particularly evidence related

to a collateral matter, the defendant is not entitled to relief unless he can show "that the bill of particulars failed to provide [him] with 'notice to prepare his defense.' " *Commonwealth* v. *Pillai*, 445 Mass. 175, 188 (2005), quoting from *Commonwealth* v. *Amirault*, 404 Mass. 221, 234 (1989). The defendant has made no such showing.

We further note that the record does not support the trial judge's conclusion that there were two separate incidents merely because the testimony diverged as to the location of the crime. There was no dispute at trial that after the victim and defendant engaged in consensual sex, an altercation arose that resulted in the defendant's striking the victim with his hands, sometime between 4:00 P.M. and 5:00 P.M. In addition, regardless of which version is considered, both versions describe at least an incident of assault and battery during the requisite time frame. The discrepancies relate only to such peripheral factors as the number of times the defendant struck the victim and the location of the offense. These discrepancies have no connection to the essential elements of the crime and do not convert a single incident into distinct events that must be charged and proved separately. Contrast *Commonwealth* v. *Barbosa*, 421 Mass. 547, 551 (1995) (Commonwealth provided the grand jury with evidence outlining the essential elements of two separate drug deals but they returned only one indictment, creating "the very real possibility that the defendant was convicted of a crime for which he was not indicted"); *Commonwealth* v. *Pearson*, 77 Mass. App. Ct. 95, 100-101 (2010) (grand jury mistakenly indicted defendant, rather than codefendant, for specific illegal transaction and indictment could not be amended to reflect correct transaction that occurred minutes later because defendant had not been indicted for that later, separate and additional incident). Here, the prosecutor correctly understood the posture of the case when she specifically argued to the jury that the defendant "admits an assault and battery. He just doesn't admit that it didn't happen at his house."

In short, the defendant was properly convicted. To reach any other result on this record would create the untenable path by which a defendant could invalidate an indictment by admitting the essential elements of the offense but contradicting a non-

essential factor consistently presented by the Commonwealth's evidence, such as the location where it occurred.

The order allowing the defendant's motion to set aside the verdict is reversed. The jury verdict and the judgment shall be reinstated.

*So ordered.*