Following a jury-waived trial, the defendant, Manoel Debrito-Lopez, was convicted, inter alia, of unlawful possession of a class A substance (heroin) and unlawful possession of a class B substance (cocaine).[2] On appeal, the defendant argues that the trial judge erred by denying his motion for required findings of not guilty and his motion to dismiss pursuant to Commonwealth v. McCarthy, 385 Mass. 160 (1982). Concluding that the Commonwealth provided sufficient evidence of constructive possession, we affirm.
1. Motion for required findings. When reviewing the denial of a motion for a required finding of not guilty, "we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.' " Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting from Commonwealth v. Woods, 466 Mass. 707, 713 (2014) (alteration in original).
Where constructive possession is at issue, the Commonwealth must show proof of "knowledge coupled with the ability and intention to exercise dominion and control" over the contraband. Commonwealth v. Romero, 464 Mass. 648, 653 (2013), quoting from Commonwealth v. Brzezinski, 405 Mass. 401, 409 (1989). Although the presence of contraband in the same automobile as the defendant is insufficient by itself to prove possession, "[p]resence in the same vehicle supplemented by other incriminating evidence ... may suffice to show knowledge or intent to control." Commonwealth v. Sinforoso, 434 Mass. 320, 327 (2001), quoting from Commonwealth v. Garcia, 409 Mass. 675, 687 (1991).
Here, an officer discovered the drugs in the driver's side compartment next to where the defendant was operating the vehicle. The defendant was the driver and sole occupant of the vehicle. The drugs were not strictly in plain view, but were stored in an open cigarette box with the plastic bag containing the drugs protruding.[3]
The defendant fled from both the initial traffic stop and the subsequent collision. The trier of fact may infer that flight by the accused is incriminating evidence of consciousness of guilt. Commonwealth v. Morris, 465 Mass. 733, 738 (2013). Commonwealth v. Namey, 67 Mass. App. Ct. 94, 101-102 (2006). Particularly in light of the extraordinary nature of the defendant's flight-speeding away from police through oncoming traffic, crashing the vehicle into a house, fleeing the scene of the accident by jumping fences and grills, and violently resisting arrest-his actions are probative of his knowledge of the drugs and consciousness of guilt. Indeed, considering the defendant's suggestion that he was unaware the vehicle was stolen (and the trial judge apparently found reasonable doubt of his knowledge), the trier of fact could reasonably infer that the defendant's initial flight and subsequent resistance were motivated by his knowledge of the drugs in the vehicle.
In sum, the Commonwealth demonstrated (1) the presence of the drugs in the vehicle that the defendant controlled; (2) that the defendant was the driver and sole occupant of the vehicle; (3) that the drugs were easily accessible to the defendant; and (4) extraordinary flight from the police and violent resistance to capture. Accordingly, viewing the evidence in the light most favorable to the Commonwealth, the trial judge could reasonably find that the defendant knew that heroin and cocaine were in the car and had the ability and intention to exercise control of those drugs.
3. Motion to dismiss. The evidence necessary to establish probable cause for an indictment is "considerably less exacting than a requirement of sufficient evidence to warrant a guilty finding." Commonwealth v. Lopez, 87 Mass. App. Ct. 642, 644 (2015), quoting from Commonwealth v. Lopez, 80 Mass. App. Ct. 390, 393 (2011). Thus, where evidence is sufficient to support a conviction at trial, that evidence is necessarily sufficient to support an indictment.
Here, in substance the same evidence was presented to the grand jury as was produced at trial. As this evidence was sufficient to establish constructive possession beyond a reasonable doubt, the grand jury were presented with probable cause to indict the defendant. The trial judge properly denied the defendant's motion to dismiss.
Judgments affirmed.

The defendant was convicted of four other charges, arising out of his flight from police. He poses no challenge to these convictions.

The trier of fact was not required to find that this condition was caused by the accident, but rather could reasonably infer that the drugs were stored this way before the chase. See Commonwealth v. Morris, 465 Mass. 733, 738-739 (2013).