A Superior Court jury convicted the defendant of trafficking in opium in an amount exceeding thirty-six grams. On appeal, the defendant challenges the denial of his pretrial motion to suppress evidence and the sufficiency of the evidence supporting his conviction. We affirm.
1. Motion to suppress. We summarize the pertinent facts from the motion judge's findings on the motion to suppress, supplemented where appropriate by uncontroverted suppression hearing testimony that he explicitly or implicitly credited. See Commonwealth v. Jones-Pannell, 472 Mass. 429, 431 (2015). After being arrested in Andover, a confidential informant told police he could purchase Percocet from "Eddie," a drug dealer who lived near a college in Haverhill. Suspecting the informant might be referring to the defendant, a known drug dealer, police showed the informant a photograph of the defendant. The informant identified the person depicted in the photograph as Eddie. At the direction of the police, and in their presence, the informant telephoned Eddie on his cellular telephone and arranged to meet him in Haverhill to purchase Percocet. The police overheard the person receiving the call agree to sell the Percocet to the informant. The informant told the police that Eddie might be driving any one of three vehicles, including a Ford sport utility vehicle (SUV).
Later that day, a police officer in plain clothes drove the informant to the meeting location on Lake Street in Haverhill. They stopped on the side of the road. As the officer got out of the car to switch seats with the informant, a Ford Explorer SUV slowly approached heading north on Lake Street. The Explorer slowed as it passed the unmarked vehicle, but then drove away. The informant confirmed to the officer that the driver was Eddie. The undercover officer communicated to other officers by radio that he had "been made" and requested that they "take down" the Explorer. Meanwhile, the Explorer turned around and headed south on Lake Street.
Another police officer activated his overhead lights and pursued the Explorer for two-thirds of one mile. Other marked police cars followed. During the pursuit, the Explorer passed several other vehicles, crossed a double yellow dividing line, and ran a flashing red light. Eventually, the Explorer pulled over on Broadway. The driver, later identified as the defendant, Eduardo Fernandez, was immediately arrested. A warrantless search of the Explorer resulted in the seizure of a pill bottle bearing a prescription in the defendant's name and containing seventy Percocet pills, a Percocet pill under the driver's seat, two cellular telephones, a notebook, and more than $21,000 in cash.[3]
The defendant claims his motion to suppress should have been allowed because the police did not have probable cause to arrest him. We accept the motion judge's factual findings unless they are clearly erroneous. Jones-Pannell, 472 Mass. at 431. However, we "make an independent determination of the correctness of the judge's application of constitutional principles to the facts as found." Commonwealth v. Durand, 475 Mass. 657, 664 (2016), quoting from Commonwealth v. Bostock, 450 Mass. 616, 619 (2008). We discern no error in the judge's reasoning that there was probable cause to arrest the defendant here.
"[P]robable cause exists where, at the moment of arrest, the facts and circumstances within the knowledge of the police are enough to warrant a prudent person in believing that the individual arrested has committed or was committing an offense." Commonwealth v. Santaliz, 413 Mass. 238, 241 (1992), quoting from Commonwealth v. Storey, 378 Mass. 312, 321 (1979), cert. denied, 446 U.S. 955 (1986). We consider the "whole 'silent movie' " in a practical and nontechnical way, through the eyes of an experienced narcotics investigator. Santaliz, supra at 242. When probable cause is based on an unnamed informant's tip, "art. 14 requires that the information satisfy the two-pronged standard set forth in Aguilar v. Texas, 378 U.S. 108 (1964), and Spinelli v. United States, 393 U.S. 410 (1969)." Commonwealth v. Welch, 420 Mass. 646, 650 (1995). The Commonwealth must demonstrate the veracity of the informant and his basis of knowledge. Ibid. "Independent police corroboration may make up for deficiencies in one or both of these factors." Commonwealth v. Mubdi, 456 Mass. 385, 396 (2010) (citation omitted).
The defendant concedes that the basis of knowledge test was satisfied, but argues that the Commonwealth failed to establish the informant's veracity. We disagree. First, the informant was in custody and was not anonymous. "Although police knowledge of an informant's 'identity' and 'whereabouts' would not be adequate standing alone to confirm the informant's reliability, it is a factor that weighs in favor of reliability." Commonwealth v. Alfonso A., 438 Mass. 372, 376 (2003). Here, the informant's known identity and whereabouts did not stand alone. The informant identified a photograph of Eddie. The informant agreed to telephone Eddie to arrange a purchase of Percocet and did so in the presence of the police. The police, who knew of Eddie's reputation as a drug dealer, overheard the telephone conversation, including Eddie's agreement to meet for the purpose of delivering Percocet to the informant. The defendant then appeared at the agreed-upon time and place, and in the vehicle predicted by the informant. Even though the informant did not have a proven track record based on past cooperation with police, these details and independent police corroboration of them were sufficient to establish the informant's veracity.
Considering this whole silent movie in a practical and nontechnical way through the eyes of an experienced narcotics investigator, there was probable cause to believe that the defendant's arrival at the prearranged meeting location was for the purpose of selling Percocet. That the defendant was a source of Percocet was not simply reported to the police by the informant: it was confirmed by a monitored telephone call in which the defendant agreed to meet for the purpose of delivering Percocet at a particular time and place. The defendant's actions in slowing but then driving away from the informant's vehicle when he observed a second, unanticipated person added to the probable cause to arrest. Because the police had probable cause to believe the defendant was in possession of Percocet, the search of the defendant's vehicle was permissible incident to his arrest, see Commonwealth v. Blevines, 438 Mass. 604, 608 (2003), or pursuant to the automobile exception to the warrant requirement. See Commonwealth v. Eggleston, 453 Mass. 554, 557 (2009). There was no error in the order denying the defendant's motion to suppress.
2. Sufficiency of the evidence. In addition to evidence consistent with that presented at the motion hearing, the Commonwealth presented the following evidence at trial, which we consider in the light most favorable to the Commonwealth. See Commonwealth v. Rivera, 91 Mass. App. Ct. 796, 797 (2017), citing Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). The informant testified that the defendant was one of his sources of oxycodone. Following his arrest, the informant agreed to cooperate with the police and, under their supervision, telephoned the defendant and asked to buy twenty fifteen-milligram Percocet pills.
On December 30, 2011, the day after the defendant's arrest, a citizen whose residence at 1001 Broadway was along the defendant's flight path, found 208 fifteen-milligram oxycodone pills weighing 20.01 grams in a plastic bag in her front yard, and gave them to the police. Police returned to the area on January 2, 2012, to look for additional evidence. They found a plastic bag on the grass next to a large rock at 997 Broadway, also along the defendant's flight path and about twenty-nine feet from the road. The bag contained three smaller bags that, in turn, contained 124 thirty-milligram oxycodone pills, twenty-six thirty-milligram oxycodone pills, and 300 fifteen-milligram oxycodone pills, all of which had a combined weight of 45.83 grams.
The defendant claims the trial judge erred when he denied the defendant's motion for a required finding of not guilty because the evidence was insufficient to establish that the defendant possessed the Percocet pills found along his flight path in the days following his arrest. Specifically, the defendant argues that, absent police observation of the defendant throwing drugs from his vehicle or forensic evidence linking him to the bags of contraband, the jury were left to speculate regarding the defendant's possession of the drugs found along Broadway. We disagree.
To sustain a conviction of drug trafficking, the Commonwealth must present evidence sufficient to establish that the defendant possessed the drugs. Commonwealth v. Hernandez, 439 Mass. 688, 691 (2003). "The Commonwealth may prove possession by circumstantial evidence." Commonwealth v. Santana, 420 Mass. 205, 215 (1995). The "inferences drawn from it need only be reasonable and possible, not necessary or inescapable." Commonwealth v. Arroyo, 442 Mass. 135, 140 (2004).
Here, there was ample evidence from which the jury could have inferred the defendant's possession. First, the defendant had agreed to sell twenty fifteen-milligram Percocet pills to the informant and possessed seventy such pills (fourteen more than were prescribed) at the time of his arrest. A combined total of more than 500 Percocet pills of the same size and strength were found the next day and four days later, discarded on the same side of Broadway along the defendant's flight path. From the evidence presented, the jury could reasonably infer that the defendant fled because he knew that he possessed Percocet, and that he discarded it as he fled. See Commonwealth v. Morris, 465 Mass. 733, 738 (2013). It was also reasonable to infer that once he had done so, the defendant pulled over, knowing the only Percocet remaining in his vehicle was in a bottle indicating it had been prescribed to him. This inference drew additional support from the defendant's telephone conversation overheard at the police station, during which he said, "Don't worry. He only got my prescriptions in the car."
Finally, the jury heard expert testimony that the use of multiple cellular telephones, rental cars, and drug ledgers, all of which the defendant possessed, were indicia of drug distribution. From this evidence, considered together with the $21,000 in cash the defendant possessed at the time of his arrest, a rational jury could infer that the defendant had a sophisticated and profitable drug business. Considering all of this evidence in the light most favorable to the prosecution, a rational jury could conclude beyond a reasonable doubt that the defendant possessed not just the Percocet pills seized from his vehicle, but also the two bags of Percocet pills found on the side of the road.
Judgment affirmed.

The Explorer later was discovered to be a rental vehicle.