A jury convicted the defendant, Beth L. Diantonio, of assault and battery, G. L. c. 265, § 13A (a ). In this consolidated appeal, the defendant challenges (1) the sufficiency of the Commonwealth evidence to support a conviction, (2) the judge's denial of her motion for a new trial, which was premised on the judge's failure to inform counsel before closing arguments that he would be instructing on consciousness of guilt, and (3) trial counsel's performance. We conclude that, although the evidence was sufficient, the order denying the motion for a new trial must be reversed because the judge's failure to notify trial counsel of his intention to instruct on consciousness of guilt prior to summations resulted in prejudicial error. See Commonwealth v. Degro, 432 Mass. 319, 332 (2000).
Discussion. 1. Sufficiency. The defendant contends that the Commonwealth's case deteriorated when (1) the prosecution witnesses offered differing accounts of how many times the defendant struck the victim, (2) the photographic evidence did not amply depict the location of the victim's injuries, (3) an officer on the scene testified that he observed no injuries on the victim when he interviewed her after the altercation, and (4) the defendant and her boyfriend testified that it was the victim who punched the defendant, and not the converse. We are not persuaded.
At trial, the Commonwealth proceeded on the theory that the defendant committed a harmful battery. As such, the Commonwealth was required to prove that the defendant (1) touched the victim, (2) intentionally, (3) without any right or excuse, and (4) "with such violence that bodily harm is likely to result." Commonwealth v. Geordi G., 94 Mass. App. Ct. 82, 85 (2018), quoting Commonwealth v. Eberhart, 461 Mass. 809, 818 (2012). The Commonwealth supported this theory with the testimony of the victim and two other witnesses, who together testified that the defendant grabbed the victim, threw her to the ground, and punched her repeatedly. This evidence, viewed in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), is sufficient. See Commonwealth v. Gray, 85 Mass. App. Ct. 85, 86-88 (2014) (evidence that defendant punched victim's head repeatedly sufficient to prove harmful battery).
Deterioration occurs when the Commonwealth's evidence "is later shown to be incredible or conclusively incorrect." Commonwealth v. O'Laughlin, 446 Mass. 188, 203 (2006), quoting Kater v. Commonwealth, 421 Mass. 17, 20 (1995). The defendant asserts that the evidence she presented drastically differed from the Commonwealth's evidence, and did just that. We disagree. The defendant's evidence "simply tended to contradict the Commonwealth's evidence; it did not show it to be 'incredible or conclusively incorrect.' " O'Laughlin, supra at 204, quoting Kater, supra. Even the absence of photographic or police corroboration of the victim's injuries, while potentially diminishing of the strength of Commonwealth's case, did not render the Commonwealth's evidence conclusively incorrect. Accordingly, no deterioration occurred.
2. Consciousness of guilt instruction. The defendant also asserts that the judge abused his discretion in denying her motion for a new trial because the consciousness of guilt instruction lacked an evidentiary basis and, further, because he gave it without providing the defendant notice of his intention to so instruct prior to closing arguments.[2]
We review the denial of the motion for a new trial to determine whether it was "an abuse of discretion that produces a manifestly unjust result." Commonwealth v. Pingaro, 44 Mass. App. Ct. 41, 48 (1997). A judge commits an abuse of discretion by making " 'a clear error of judgment in weighing' the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014), quoting Picciotto v. Continental Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008).
A judge is within his discretion to instruct on consciousness of guilt when "there is an 'inference of guilt that may be drawn from evidence of flight, concealment, or similar acts.' " Commonwealth v. Morris, 465 Mass. 733, 738 (2013), quoting Commonwealth v. Stuckich, 450 Mass. 449, 453 (2008). "In the case of flight, the evidence must be probative of the defendant's feelings of guilt concerning the crime of which [s]he is accused." Commonwealth v. Villafuerte, 72 Mass. App. Ct. 908, 908 (2008). Here, both the victim and others testified that after the victim screamed for someone to call the police, the defendant left the scene of the incident with her boyfriend. The jury could have viewed her departure from the scene before the arrival of police as evidence of her guilty consciousness. See Commonwealth v. Prater, 431 Mass. 86, 97 (2000). Even if there were other "possible explanations for a defendant's flight, it is for the jury to decide if the defendant's actions resulted from consciousness of guilt or some other reason." Id. Accordingly, the judge acted within his discretion in deciding that an instruction on consciousness of guilt was warranted. See id.
That said, "[a] trial judge must inform counsel of his proposed instructions before final argument." Degro, 432 Mass. at 332. A judge's failure to do so, rises to prejudicial error when, as was the case here, "the defense [is] undermined ... because 'the critical role of good argument was vitiated.' " Commonwealth v. Thomas, 21 Mass. App. Ct. 183, 187 (1985), quoting United States v. Viserto, 596 F.2d 531, 539 (2d Cir.), cert. denied, 444 U.S. 841 (1979).
Here, the defendant's summation did not focus on the defendant's flight from the scene. In contrast, the prosecutor labeled the defendant's flight "probably the most important evidence" in the trial. The contrast was particularly critical here because the trial came down to a credibility contest between the witnesses on each side. The unannounced instruction made it possible for the jury to accept, without challenge by the defendant, the prosecutor's claim that the defendant believed herself to be guilty of the battery in stark contradiction of her defense. Cf. Commonwealth v. Woodbine, 461 Mass. 720, 732-738 (2012) (defendant prejudiced by inability to test officer's credibility with suppressed statement he had used to refresh recollection before trial). In our view, the error significantly undermined the defense, and a new trial is warranted.[3]
Order denying motion for new trial reversed.
Judgment reversed.
Verdict set aside.

Although the defendant did not argue in her written motion for a new trial that the instruction lacked an evidentiary basis, this was a live issue at the hearing on the motion and the judge mentioned it in his written ruling. Therefore, we do not consider this issue waived.

Because the same challenges to trial counsel's performance are "unlikely to arise at retrial," we do not address the defendant's ineffective assistance of counsel claim. Commonwealth v. Esteves, 429 Mass. 636, 641 (1999).