NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1357

COMMONWEALTH

vs.

CARLTON SHEFFIELD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in Superior Court, the defendant was convicted of unlicensed possession of a firearm, in violation of G. L. c. 269, § 10 (a), and unlicensed possession of a loaded firearm, in violation of G. L. c. 269, § 10 (n).[1]  On the defendant's appeal, we affirm.

1.  Motion to suppress.  The defendant argues that the judge erred in denying his motion to suppress because the police

---

[1] The defendant was also convicted of unlawful possession of ammunition, in violation of G. L. c. 269, § 10 (h) (1), but after the verdict the judge dismissed that charge as duplicative of the conviction for unlicensed possession of a loaded firearm. The judge entered a required finding of not guilty on a charge of possessing a Class D substance with the intent to distribute, in violation of G. L. c. 94C, § 32C (a).

lacked reasonable suspicion to stop him.  Because the officers acted reasonably in responding to a volatile confrontation in which there was robust evidence that at least one of the potential combatants was armed, we conclude that the defendant's motion to suppress was properly denied.

In reviewing a ruling on a motion to suppress evidence, we accept the judge's findings of fact absent clear error and defer to her assessment of the credibility of the testimony taken at the evidentiary hearing.  Commonwealth v. Scott, 440 Mass. 642, 646 (2004).  "We review independently the application of constitutional principles to the facts found" (quotation omitted).  Commonwealth v. Villagran, 477 Mass. 711, 713 (2017).

The facts found by the motion judge include the following. On the afternoon of April 6, 2021, Sergeant Eric Merner observed three men on the street engaged in a "very heated verbal exchange."  Two of the men were standing "shoulder to shoulder"; one was later identified as the defendant, and the other is referred to as "Suspect No. 2."  A third man was about 100 feet away.  Sergeant Merner could hear their voices as he was driving by.  He saw Suspect No. 2 waiving to the third man with his left hand, while his right hand was stuck in his sweatshirt pocket with a clear protrusion.  The defendant was standing next to Suspect No. 2 with his hands in his pockets, but "not in an aggressive way."  Sergeant Merner quickly parked and continued

2

his observations. He testified, "[i]t was clearly a heated verbal exchange just sort of -- that appeared to be kind of one-sided with the two males shouting at -- or at least the voices were coming from those two males in the direction of the third male." He could not say which of the two men was speaking to the third man, or whether more than one of them was speaking. Based on his observations, Sergeant Merner was concerned that a firearm might be involved, as he had previously seen similar behavior and body movements precede shootings. The defendant and Suspect No. 2 started to move toward the third man. Believing that violence was imminent, Sergeant Merner called on his radio for police officers in the area to respond.

Boston Police District 4 station was located across the street, and approximately fourteen or fifteen officers responded immediately. Sergeant Merner saw the defendant and Suspect No. 2 flee as soon as uniformed officers approached the scene. The officers chased the two men. Suspect No. 2 was never apprehended. After the officers stopped the defendant, they found a loaded semiautomatic firearm, wrapped in black cloth, on his waist.

"[A] police officer may stop an individual and conduct a threshold inquiry if the officer reasonably suspects that such individual has committed, is committing, or is about to commit a crime." Commonwealth v. Staley, 98 Mass. App. Ct. 189, 191

3

(2020), quoting Commonwealth v. Mercado, 422 Mass. 367, 369 (1996). "Reasonable suspicion may not be based on good faith or a hunch, but on specific, articulable facts and inferences that follow from the officer's experience." Commonwealth v. Grandison, 433 Mass. 135, 139 (2001). The standard is an objective one. Commonwealth v. Karen K., 491 Mass. 165, 174-175 (2023).

Here, specific, articulable facts and inferences established that, at the time the uniformed officers arrived at the scene, a crime of violence was about to be committed.[2] The defendant, Suspect No. 2, and the third man were engaged in a heated verbal exchange and threatening behavior. Suspect No. 2 held what appeared to be a firearm, and he and the defendant were moving toward the third man. Informed by his experience and training as an officer, Sergeant Merner was concerned that

---

[2] The defendant does not dispute the judge's finding that "facts within the knowledge of one police officer" could be imputed to the other officers because they "were working cooperatively." See Commonwealth v. Privette, 491 Mass. 501, 503 (2023). The parties do dispute the moment of seizure, which the judge did not determine in her ruling from the bench. See Commonwealth v. DePeiza, 449 Mass. 367, 369 (2007). The defendant argues that he was seized when uniformed officers approached the scene and ordered him and Suspect No. 2 to show their hands; the Commonwealth argues that the moment of seizure occurred only when the two men fled and the officers began to pursue them. We need not resolve that dispute because the officers had the requisite reasonable suspicion to conduct a threshold inquiry based on the observations that Sergeant Merner made before the other officers arrived.

4

the threatening behavior of the men was going to result in a shooting.  That belief was "not a mere hunch," but rather was based on his experience and training as a police officer and close observations of the three men.  Commonwealth v. DePeiza, 449 Mass. 367, 373 (2007), citing Commonwealth v. Silva, 440 Mass. 772, 784 (2004).  Further, although Sergeant Merner observed only Suspect No. 2 carrying what appeared to be a firearm, his testimony established that the defendant and Suspect No. 2 were engaging in threatening behavior in close coordination.  Because those facts were sufficient to establish reasonable suspicion that the defendant was engaged in or likely to engage in criminal conduct, the officers had adequate justification to attempt to stop him and conduct a threshold inquiry.  Accordingly, the defendant's motion to suppress was properly denied.

2.  Consciousness of guilt instruction at trial.  At the close of evidence, the Commonwealth asked the trial judge to instruct the jury on consciousness of guilt.  The defendant objected to the request, arguing that his flight was "more indicative of potential fear that something could potentially happen to him than actually consciousness of guilt."  The judge noted the defendant's objection but gave the model instruction on consciousness of guilt to the jury.

The judge did not abuse his discretion. "Consciousness of guilt instructions are permissible when there is an 'inference of guilt that may be drawn from evidence of flight, concealment, or similar acts.'" Commonwealth v. Stuckich, 450 Mass. 449, 453 (2008), quoting Commonwealth v. Toney, 385 Mass. 575, 584 (1982). "To determine whether a consciousness of guilt instruction is warranted, a judge need only assess the relevancy of the evidence." Commonwealth v. Morris, 465 Mass. 733, 738 (2013). "Flight is perhaps the classic evidence of consciousness of guilt." Id., quoting Commonwealth v. Carrion, 407 Mass. 263, 277 (1990). At trial, the Commonwealth presented testimony and video evidence showing that the defendant fled after the police officers arrived at the scene and that he had a weapon on his person. This evidence provided a sufficient basis for a consciousness of guilt instruction. See Morris, supra at 738-739; Commonwealth v. Tu Trinh, 458 Mass. 776, 779-781 (2011); Commonwealth v. Prater, 431 Mass. 86, 97 (2000).

Citing Commonwealth v. Warren, 475 Mass. 530, 540 (2016), the defendant argues that the judge should not have instructed the jury on consciousness of guilt "without also instructing them . . . that a Black man might instead flee Boston police officers to avoid the recurring indignity of being racially profiled [quotation omitted]." Because the defendant did not object to the language in the model jury instruction or request

6

the supplemental language he proposes now, we review to consider whether the error, if any, created a substantial risk of a miscarriage of justice.  See Tu Trinh, 458 Mass. at 781-782; Commonwealth v. Whitson, 97 Mass. App. Ct. 798, 807 (2020).  We do not discern any error.  The judge properly instructed the jury that they were not required to draw any inference from evidence of the defendant's flight, they should "also remember that there may be numerous reasons why an innocent person might do such things," and "[s]uch conduct does not necessarily reflect feelings of guilt."  The judge was not required to instruct the jury sua sponte on the issue of racial profiling.

Judgments affirmed.

By the Court (Milkey, Hodgens & Toone, JJ.[3]),

Clerk

Entered:  July 26, 2024.

---

[3] The panelists are listed in order of seniority.

7