NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1241

COMMONWEALTH

vs.

JOHN C. RAMIREZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial in the District Court, the defendant was found guilty of assault and battery on a family or household member in violation of G. L. c. 265, § 13M (a).  The sole issue raised on appeal is whether trial counsel rendered ineffective assistance in posing a question to the victim that elicited testimony establishing the location of the offense. The defendant argues that without this testimony, the Commonwealth could not prove that the court had territorial jurisdiction and, consequently, he was deprived of a substantial ground of defense.  We affirm.

Background.  The Commonwealth presented its case through two witnesses, Sergeant William Mears and the victim.  On the

basis of their testimony, the judge could have found the following facts. On May 24, 2021, in the early evening, the victim went to the Haverhill police station with her mother and a friend to report that she had been beaten by her boyfriend, John Ramirez. Sergeant Mears, a Haverhill police officer, was working a 4:30 P.M. to 12:30 A.M. shift and spoke with the victim at around six or seven o'clock. He described the victim as "visibly shaken" and observed bruises on her cheeks and arms.[1] The victim told Sergeant Mears that she lived on Presidential Drive. The incident occurred in her apartment where she and the defendant lived with the victim's three children. At some point thereafter, Sergeant Mears dispatched officers to an address the victim provided to look for the defendant. There was no testimony specifying the location of that address and, as it turned out, the defendant was not found there.

At the time of trial, the victim was no longer in a relationship with the defendant. She testified that she had been dating the defendant for about four to five years when, on Sunday, May 23, (the day before she went to the police station), she and the defendant had an argument over money. The argument escalated and the defendant pushed the victim out of her chair.

---

[1] The victim's injuries were photographed by a different officer and the photographs were introduced at trial.

2

The victim fell to the floor after which the defendant "stomped" on her and beat her with both open and closed fists. The victim managed to escape to the bathroom where she waited until things calmed down. When she emerged, the defendant told her that he loved her and that "it wouldn't happen again." Then, the two went to take a walk at "the stadium."

On cross-examination, the victim clarified that the defendant drove to the stadium and that her daughter accompanied them. Then, in response to the following question posed by counsel: "[d]o you know the name of the stadium?" the victim stated: "[t]he stadium. That's what it's called, in Haverhill." The victim later described the stadium as "a big park" and again stated it was in Haverhill.

Discussion. The defendant argues for the first time on appeal that the only evidence that established the location of the offense was solicited by defense counsel when he asked the victim for the name of the stadium to which she replied "Haverhill." Although he acknowledges that location is not an element of the offense, see Commonwealth v. Gray, 85 Mass. App. Ct. 85, 87 (2014), the defendant asserts that without the victim's response, the Commonwealth failed to prove that the criminal act occurred in Massachusetts and, as a result, did not show that the court had jurisdiction over him. See Commonwealth

3

v. Combs, 480 Mass. 55, 60 (2018), quoting Commonwealth v. Fleming, 360 Mass. 404, 406 (1971) ("[i]t is elementary that it must be shown that jurisdiction lodged in the courts of Massachusetts before the defendant can be found guilty of the offense charge").  According to the defendant, counsel provided ineffective assistance of counsel because, but for the testimony at issue, he could have filed a successful motion for a required finding of not guilty on the ground that the court lacked territorial jurisdiction.

As an initial matter, because the defendant did not raise his claim of ineffective assistance in a motion for new trial, we must first decide whether the factual basis of the claim appears indisputably on the record.  See Commonwealth v. Keon K., 70 Mass. App. Ct. 568, 573-574 (2007) ("[o]ur courts strongly disfavor raising claims of ineffective assistance on direct appeal.  A claim of ineffective assistance of counsel should only be brought on direct appeal when . . . the issues do not implicate any factual questions more appropriately resolved by a trial judge" [quotation and citation omitted]).  The claim raised here is sufficiently developed on the record and we therefore conclude that it is appropriate for us to resolve in the first instance the question of whether the defendant received ineffective assistance.

4

We now turn to the merits of the defendant's argument.  In order to prevail, the defendant must meet his burden under the familiar two-pronged test set forth in Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  He must show that (1) counsel's conduct fell "measurably below that which might be expected from an ordinary fallible lawyer" and (2) the conduct "likely deprived the defendant of an otherwise available, substantial ground of defen[s]e."  Id.  The defendant has not met his burden on either prong.

First, we recognize that in some circumstances, our case law has treated territorial jurisdiction as an element of the offense.  See Combs, 480 Mass. at 56; Fleming, 360 Mass. at 406.  In those cases, however, the question of territorial jurisdiction was a triable issue or had been put into issue by the defendant.  Where, as here, it was not reasonable to assume the offense was committed outside the boundaries of the Commonwealth, an "ordinary fallible lawyer" would not have been concerned about soliciting testimony regarding the location of the offense.[2]  Indeed, the criminal complaint, of which the defendant had a copy, specifies the location of the offense as

_____

[2] Additionally, as the Commonwealth notes in its brief, the challenged testimony merely revealed where the victim went with the defendant after the incident, rather than the location of the incident itself.

5

"Haverhill."  In addition, the crime was investigated by the Haverhill police department which has no jurisdiction beyond the city's boundaries, let alone the boundaries of the Commonwealth. Nor are we persuaded, as the defendant suggests, that evidence the victim worked in New Hampshire or that the victim's mother lived in Rhode Island was sufficient to place doubt on the location of the offense.  In short, there simply was no basis on which an "ordinary fallible" attorney would have questioned the court's jurisdiction.

In any event, even if we were to assume, which we do not, that trial counsel's conduct fell below that of an "ordinary fallible lawyer," the defendant was not deprived of an otherwise available substantial defense.  Contrary to the defendant's assertion, there was competent circumstantial evidence apart from the testimony at issue from which the judge could reasonably infer beyond a reasonable doubt that the offense was committed in Haverhill.  As previously noted, the victim reported the crime to the Haverhill police and the incident occurred in the victim's apartment on Presidential Drive. Again, if that location was not within the boundaries of the Commonwealth (much less within the city limits of Haverhill), it is reasonable to assume that Sergeant Mears would not have initiated an investigation.  In sum, even if defense counsel had

6

not solicited the testimony at issue, the evidence of territorial jurisdiction -- apart from the victim's testimony -- was sufficient to withstand a motion for a required finding of not guilty.

Judgment affirmed.

By the Court (Vuono, Grant & Walsh, JJ.[3]),

*Paul Little*

Clerk

Entered:  July 14, 2025.

---

[3] The panelists are listed in order of seniority.