COMMONWEALTH *vs.* JAMES M. KATER.

Bristol. February 6, 1985. — April 11, 1985.

Present: HENNESSEY, C.J., WILKINS, LYNCH, & O'CONNOR, JJ.

*Hypnosis. Evidence,* Hypnotically aided testimony.

With respect to a formerly hypnotized witness in a criminal proceeding,
   whose hypnotic sessions had occurred prior to this court's decision in
   *Commonwealth* v. *Kater*, 388 Mass. 519 (1983), the judge considering
   the defendant's motion to suppress the witness's proffered testimony
   had the duty to determine, by a preponderance of the evidence at the
   motion hearing, what portion of her testimony was hypnotically aided,
   and thus inadmissible, and what portion would be admissible because
   based on the witness's prehypnotic memory. [533]

INDICTMENTS found and returned in the Superior Court De-
partment on November 28, 1978.

After review by the Supreme Judicial Court reported in 388
Mass. 519 (1983), a pretrial motion to suppress evidence was
heard by *Robert S. Prince*, J., and reported by him to the
Appeals Court. The Supreme Judicial Court granted a request
for direct review.

*Jonathan Shapiro* (*Patricia Garin* with him) for the defend-
ant.

*Phillip L. Weiner*, Assistant District Attorney, for the Com-
monwealth.

O'CONNOR, J. Over two years ago, we reversed James M.
Kater's convictions for murder in the first degree and kidnap-
ping because the introduction at his trial of hypnotically aided
testimony — testimony first available from a witness after
hypnosis — created a substantial risk that a miscarriage of
justice had occurred. *Commonwealth* v. *Kater*, 388 Mass. 519,
521, 534 (1983) (*Kater I*). We did not order the indictments
dismissed. Instead, because we concluded that during the trial
the Commonwealth had introduced sufficient evidence, other

than the hypnotically aided testimony, to warrant guilty ver-
dicts, we ordered a new trial. *Id.* at 521. We announced that
the hypnotized witnesses may testify at a retrial only as to their
memory of events known to them prior to hypnosis. *Id.* at
534. Furthermore, we authorized the defendant to present evi-
dence "bearing on the effect of hypnosis on a particular witness
and on witnesses in general" and evidence "tending to show
that each hypnotic session, and any attempted hypnotic session,
was conducted in a manner likely to affect both a witness's
present memory of events and a witness's degree of confidence
in his or her memory," and we authorized the Commonwealth
to present evidence to the contrary. *Id.* at 535. Although we
recognized that that solution was not entirely satisfactory be-
cause "[i]t will not be easy for lay witnesses to limit themselves
to their prehypnotic memory," we declined to adopt a solution
that would have barred the formerly hypnotized witness from
testifying at the retrial or one that would have allowed those
witnesses to give hypnotically aided testimony. *Id.*

In November, 1983, in anticipation of retrial, Kater filed in
the Superior Court a motion to suppress the testimony of all
formerly hypnotized witnesses, and, in February, 1984, a judge
commenced a hearing to determine what part, if any, of those
witnesses' testimony he would allow at the retrial. Helena
McCoy, who was one of the hypnotized witnesses, testified
at that hearing, as did a police officer and two hypnosis experts.

After having participated in the hearing to that point, the
Commonwealth, describing the hearing as "an unnecessary
step," filed a motion to terminate it. The judge agreed, allowed
the Commonwealth's motion to terminate the hearing, and
denied Kater's motion to suppress. The judge concluded that
it was not his function "to determine what is, and is not, a
witness's present memory of events known prior to hypnosis."
Instead, the judge declared that he would instruct the hyp-
notized witnesses to limit their testimony to prehypnotic mem-
ory to the best of their ability. Pursuant to Mass. R. Crim. P.
34, 378 Mass. 905 (1979),[1] the judge reported the case to the

[1] Rule 34 provides: "If, prior to trial, or, with the consent of the defendant,
after conviction of the defendant, a question of law arises which the trial

Appeals Court. We granted Kater's application for direct appellate review.

We hold that the judge should not have terminated the hearing. *Kater I* holds that hypnotically aided testimony is inadmissible in criminal trials in this Commonwealth, including Kater's trial. Because the hypnotic sessions involved in this case occurred before the date of our opinion in *Kater I*, the Commonwealth's failure to conduct the sessions in accordance with the procedural safeguards enumerated in *Commonwealth* v. *A Juvenile*, 381 Mass. 727, 732 n.8 (1980), does not make inadmissible testimony based on a witness's prehypnotic memory. *Kater I, supra* at 521, 530. Nevertheless, that testimony must be separated from hypnotically aided testimony, which is inadmissible. Since the question of admissibility is for the judge, *Kater I, supra* at 531, before admitting proffered testimony, the judge must be satisfied by a preponderance of the evidence presented at a hearing that the testimony is based on prehypnotic memory.

We remand this case to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

judge determines is so important or doubtful as to require the decision of the Appeals Court, the judge may report the case so far as necessary to present the question of law arising therein. If the case is reported prior to trial, the case shall be continued for trial to await the decision of the Appeals Court."