JAMES M. KATER *vs.* COMMONWEALTH.

Suffolk. May 1, 1995. - August 1, 1995.

Present: LIACOS, C.J., WILKINS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal,* Double jeopardy, Required finding. *Homicide. Kidnapping.*

Evidence presented at a murder trial was sufficient to warrant submission of the case to the jury and, after a mistrial, this State's common law principles of double jeopardy did not bar the retrial of the defendant. [20-21]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on August 5, 1994.

The case was reported by *O'Connor,* J.

*Elspeth Cypher,* Assistant District Attorney *(John V. Mahoney, II,* Assistant District Attorney, with her) for the Commonwealth.

*Joseph F. Krowski* for the defendant.

WILKINS, J. On November 28, 1978, James M. Kater (defendant) was indicted for the murder and kidnapping of Mary Lou Arruda, a Raynham high school student. The body of the victim (who had been missing since September 8, 1978) had been found earlier in November in the Freetown State Forest tied to a tree. A jury found the defendant guilty of murder in the first degree and kidnapping. On appeal from those convictions and from the denial of a motion for a new trial, this court held that certain testimony of four prosecution witnesses that had been or might have been hypnotically aided was not reliable and should not have been admitted. *Commonwealth* v. *Kater,* 388 Mass. 519, 528-529 (1983) (*Kater I*).

We reversed the judgments and remanded the case for further proceedings, particularly for a determination of what

testimony of the four witnesses could not have been affected by hypnosis (that is, the witnesses' present memory of events known to them prior to hypnosis). *Id.* at 534-535. Two years later, this court reiterated its position, directing a trial judge, who had doubts about his duties, to hold a hearing and to determine by a preponderance of the evidence what testimony of the four witnesses was based on prehypnotic memory and hence admissible. *Commonwealth* v. *Kater*, 394 Mass. 531, 533 (1985).

The defendant was again convicted of the crimes in a 1986 trial. *Commonwealth* v. *Kater*, 409 Mass. 433, 434 (1991) (*Kater III*). On the defendant's appeal, this court held that, by failing to follow our earlier directions, the trial judge had erred by admitting posthypnotic testimony, including eyewitness identifications of the defendant. *Id.* at 442-443. The judgments were reversed and the case was remanded for further proceedings. *Id.* at 448. We opined that it was likely "that even without eyewitness identifications of the defendant, the Commonwealth will have sufficient evidence to withstand a motion for required findings." *Id.* at 443. That opinion, with which we continue to agree, was not necessary, however, to the court's holding.

If the evidence admitted at the trial was sufficient to send the case to the jury, but is insufficient to send the case to the jury if all improperly admitted evidence is disregarded, double jeopardy principles nevertheless do not bar a retrial. *Lockhart* v. *Nelson*, 488 U.S. 33, 40-41 (1988). *Kater III*, *supra* at 445. Cf. *Berry* v. *Commonwealth*, 393 Mass. 793, 798 (1985) (if Commonwealth failed to present evidence sufficient to support conviction and defendant moved for required finding of not guilty, jeopardy terminates for Massachusetts common law purposes when judge declares mistrial because jury failed to agree on verdict). For this reason, we need not rule on the defendant's arguments challenging the admission of testimony that the defendant's motor vehicle was similar to one that they had seen in the area where the victim was last seen. We add, however, that we see no error

in the admission of that evidence. See *Commonwealth* v. *Kater*, 412 Mass. 800, 805-806 (1992) (*Kater IV*).

Following remand of the case, a different Superior Court judge allowed a portion of the defendant's motion to suppress evidence, and the Commonwealth was allowed to take an interlocutory appeal to this court. We affirmed the judge's order. *Kater IV, supra* at 806. We held that the Superior Court judge had followed the mandate of our earlier opinions and had not erred in ruling as to what the prehypnotic knowledge of the four witnesses was and hence on which subjects they would be permitted to testify at the third trial. *Id.* at 802 n.1 & 804.

The defendant's third trial commenced in October, 1992, and, after the denial of the defendant's motion for required findings of not guilty, the case was submitted to the jury on December 17, 1992. On December 24, 1992, at the defendant's request, the judge declared a mistrial.[1] Two and one-half years later, the defendant moved to dismiss the indictments, arguing that principles of double jeopardy barred a fourth trial. In July, 1994, the trial judge denied the motion.

The defendant appropriately sought interlocutory relief from a single justice of this court under G. L. c. 211, § 3 (1994 ed.). See *Cramer* v. *Commonwealth*, 419 Mass. 106, 107 n.1 (1994); *Berry* v. *Commonwealth, supra* at 798. The single justice reported the case to the full court. The fact that the trial judge declared a mistrial at the defendant's request does not bar the defendant from raising the sufficiency of the evidence issue by asserting double jeopardy principles on State common law grounds. If the evidence was not sufficient to permit a finding of guilt, jeopardy terminated for State law purposes, and the retrial of the defendant after a jury were unable to reach a verdict would violate this State's common law principles of double jeopardy. *Berry* v. *Commonwealth, supra.* The standard that we apply is not the governing standard under the double jeopardy clause of the

---

[1] The record could be clearer, but it appears that the Commonwealth joined in the defendant's request.

Fifth Amendment to the Constitution of the United States. See *Richardson* v. *United States*, 468 U.S. 317, 326 (1984).

The only issue that we must decide is whether the evidence admitted at the defendant's trial was sufficient to warrant submission of the case to the jury. More precisely, the question is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found each essential element of the crimes charged beyond a reasonable doubt. *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979). The fact that the victim was kidnapped and killed is not in doubt. The crucial issue is whether there was sufficient evidence to warrant a finding beyond a reasonable doubt that the defendant is the person who committed the crimes. The fact that the evidence against a defendant is circumstantial and that any finding of guilt would have to be based on inferences drawn from the evidence does not foreclose the submission of a case to the jury. See *Commonwealth* v. *Chipman*, 418 Mass. 262, 268 (1994); *Commonwealth* v. *Beckett*, 373 Mass. 329, 341 (1977). Our principal task is to consider the evidence presented in the Commonwealth's case-in-chief (*Commonwealth* v. *Kelley*, 370 Mass. 147, 150 & n.1 [1976]), but we recognize that we must also consider whether the Commonwealth's case deteriorated after the Commonwealth rested (*Commonwealth* v. *Basch*, 386 Mass. 620, 622 [1982]). The Commonwealth's position did not deteriorate during the presentation of the defendant's case. Deterioration would occur not because the defendant contradicted the Commonwealth's evidence (*Commonwealth* v. *Walker*, 401 Mass. 338, 343-344 [1987]), but because evidence for the Commonwealth necessary to warrant submission of the case to the jury is later shown to be incredible or conclusively incorrect. See *Commonwealth* v. *Zevitas*, 418 Mass. 677, 680 (1994), and cases cited. Cf. *Commonwealth* v. *Vaughn*, 23 Mass. App. Ct. 40, 43 (1986) (reasonable doubt created as matter of law by evidence of defendant's incarceration).

The evidence presented at the defendant's most recent trial was sufficient to warrant submission of the case to the jury.

Because we must assess the evidence in the light most favorable to the Commonwealth (*Berry* v. *Commonwealth, supra* at 794), we do not consider noncompelling evidence that tends to show that, at about 4 P.M. on September 8, 1978, the defendant was not on Dean Street in Raynham in his green Opel motor vehicle. The evidence from various sources would warrant an inference and a finding beyond a reasonable doubt that the defendant was in his automobile on Dean Street about the time that the victim disappeared, leaving her bicycle beside the road. A tire track on the shoulder of Dean Street near where the victim's bicycle was found could have been made by a tire on the defendant's vehicle which had an extreme and very unusual wear characteristic. A witness saw the defendant's Opel parked alone in the parking lot of the American Legion Hall in Freetown just after 4 P.M. on September 8, 1978. The victim's body was found in the woods about nine-tenths of a mile from the American Legion Hall.

Other evidence was relevant to the issue of the defendant's guilt. When the police searched the defendant's Opel, they found newspapers with stories about the victim. There was a smear on the right front fender of the Opel that could have been caused by the handlebar plug on the victim's bicycle. There was also evidence that what the defendant told the police about his whereabouts on the afternoon of September 8, 1978, was not true and that, although he had had the Opel washed at 1 P.M. on September 8, he had had it washed again after 4 P.M.

A judgment should be entered in the single justice session of this court affirming the order denying the defendant's motion to dismiss the indictments.

*So ordered.*