NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-410

COMMONWEALTH

vs.

JULISSA MELENDEZ-GUITY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of assault and battery on a family or household member.  She appeals, arguing that the evidence was insufficient to support her conviction.  We affirm.

Background.  The evidence, in brief and viewed in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), was as follows.  The defendant and the victim (her husband) lived together in a split-level house with their children.  The defendant and the children occupied the upstairs, while the victim occupied the basement.  The victim would go upstairs only "on rare occasions" to turn off the lights, close the windows, turn the heat down, and do the laundry.  This arrangement had been in place for three to four years.

On the day in question, the victim helped the defendant rearrange items in her bedroom and the dining room and then returned to the basement. Several hours later, the defendant went to the basement and accused the victim of taking her belongings. She was angry. The victim offered to help look for the missing items and went to the defendant's bedroom to search the boxes they had moved earlier. When the victim opened the first box, however, the defendant stated, "Don't touch my things." The victim replied, "Let's keep looking," and turned to another box, but the defendant again stated, "Don't touch my things."

The victim turned to leave. As he was walking out of the room, he felt the defendant shove him in the middle of the back with her forearms. The victim, who weighed 235 pounds, was thrown into another room across the hallway, where he landed on the floor. The victim used his hands to cushion the fall and was not injured. One of the children witnessed the assault.

Discussion. The defendant moved for a required finding of not guilty at the close of the Commonwealth's case and at the close of all the evidence. Thus, we first "consider the state of the evidence at the close of the Commonwealth's case to determine whether the defendant's motion should have been granted at that time." Commonwealth v. O'Laughlin, 446 Mass. 188, 198 (2006), quoting Commonwealth v. Sheline, 391 Mass. 279,

2

283 (1984).  We then "consider the state of the evidence at the close of all the evidence, to determine whether the Commonwealth's position as to proof deteriorated after it closed its case."  O'Laughlin, supra, quoting Sheline, supra.

"An assault and battery is the intentional and unjustified use of force upon the person of another, however slight." Commonwealth v. Colas, 486 Mass. 831, 841 (2021), quoting Commonwealth v. Appleby, 380 Mass. 296, 306 (1980).  The defendant argues that the evidence was insufficient to show that she touched the victim intentionally, rather than by accident. We are not persuaded.  Intent may be proved circumstantially "by inference from all the facts and circumstances developed at the trial," and the inferences "need only be reasonable and possible and need not be necessary or inescapable."  Commonwealth v. Casale, 381 Mass. 167, 173 (1980).  Here, the Commonwealth presented evidence that the defendant was angry with the victim on the night of the assault and pushed him from behind with enough force to propel him out of the room, across the hallway, and onto the floor.  A reasonable juror could have inferred from this evidence that the touching was intentional.

There was no deterioration after the presentation of the defendant's case.  Although the defendant testified that she did not push the victim, deterioration does not occur merely "because the defendant contradicted the Commonwealth's

3

evidence"; rather, the Commonwealth's evidence must be "shown to be incredible or conclusively incorrect."  O'Laughlin, 446 Mass. at 203, quoting Kater v. Commonwealth, 421 Mass. 17, 20 (1995). Because "the jury were free to disbelieve the defendant's account," the Commonwealth's case did not deteriorate. Commonwealth v. Walker, 401 Mass. 338, 343 (1987).

Judgment affirmed.

By the Court (Wolohojian,
  Shin & Ditkoff, JJ.[1]),

*Joseph F. Stanton*

Clerk

Entered:  October 4, 2023.

---

[1] The panelists are listed in order of seniority.