NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-568

COMMONWEALTH

vs.

RICHANETTE M. COTTO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a District Court jury trial, the defendant appeals from her conviction of negligent vehicular homicide, G. L. c. 90, § 24G (b), arguing that the judge erred in denying her motion at the close of the Commonwealth's case, and renewed motion at the close of all the evidence, for a required finding of not guilty.  We affirm.

Discussion.  As explained in Commonwealth v. Rivera, 460 Mass. 139, 141 (2011),

> "In reviewing the denial of a required finding of not guilty, we review the evidence introduced up to the time the Commonwealth rested its case to determine whether the evidence, viewed in the light most favorable to the Commonwealth, was sufficient for a reasonable jury to infer the existence of each essential element of the crime charged, beyond a reasonable doubt."

Then, "[w]e consider the evidence at the close of all the evidence to determine whether the Commonwealth's position as to proof had deteriorated since it had closed its case." Commonwealth v. Basch, 386 Mass. 620, 622 n.2 (1982).

To convict the defendant of vehicular homicide, the Commonwealth was required to prove beyond a reasonable doubt that the defendant (1) operated "a motor vehicle, (2) upon a public way, (3) recklessly or negligently so as to endanger human life or safety, (4) thereby causing the death of a person" (citation omitted). Commonwealth v. Angelo Todesca Corp., 446 Mass. 128, 137 (2006). See G. L. c. 90, § 24G (b). On appeal, the defendant contests only the third element, arguing that the Commonwealth failed to introduce sufficient evidence to prove her negligence.

"A finding of ordinary negligence suffices to establish a violation of § 24G." Commonwealth v. Berggren, 398 Mass. 338, 340 (1986). "Negligence . . . in its ordinary sense, is the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which . . . the person of ordinary caution and prudence ought to exercise under the particular circumstances" (citation omitted). Angelo Todesca Corp., 446 Mass. at 137. "The operator of a motor vehicle has a duty to exercise ordinary

2

care for the safety of others while operating the vehicle."  Id.

Contributory negligence of the victim does not excuse the

defendant's conduct regarding vehicular homicide.  Berggren, 398

Mass. at 341 n.4.

At trial, the Commonwealth introduced evidence in its case-in-chief, including a video of the incident (which we have watched), that permitted the jury to find the following facts. The defendant was at the right-hand side of a stretch of road on which cars often traveled two abreast even without lane markings.[1]  She had a green light when she turned left.  There were no obstructions that would block her ability to see the crosswalk, with the exception of the "A-pillar" between her windshield and door, which could have created a small blind spot for a "flash in time."  She was traveling thirteen to fourteen miles per hour.  She was not speeding or driving in an aggressive manner.  A forensic examination of the defendant's cellular telephone indicated that she was not using the phone while operating the vehicle.  The victim did not stop before he entered the crosswalk, he entered it when the pedestrian signal was red, and he did not look in either direction.  He was walking in the crosswalk for six seconds before the defendant's

---

[1] After the defendant struck the victim with her car, the city of Taunton added lane markings to the road designating two separate lanes, the left of which was a turn lane.

3

vehicle struck him, during which time the defendant would have seen the victim if she were looking in the same direction as she was steering her vehicle.  After the initial impact with the victim, the vehicle was braked in such a way that it traveled another seventy feet before stopping.  There were no signs of heavy braking such as skid marks.

A reasonable jury could have relied on these facts to conclude that even if the defendant did not act intentionally or recklessly, the defendant failed to use ordinary care, tragically causing the death of the victim.  See Angelo Todesca Corp., 446 Mass. at 137.  The fact that the defendant was not speeding or distracted by her phone does not undermine this conclusion.  A jury could conclude that the defendant still should not have hit the victim or should have stopped more quickly after she hit the victim.  Even "drivers who enjoy a green traffic light . . . still must yield to pedestrians who are using a marked crosswalk."  Weiss v. Cambridge, 89 Mass. App. Ct. 797, 800 (2016).

Similarly, the fact that police did not issue the defendant a citation until after the victim died is immaterial.  Although the officer on the scene himself issued no citation, neither did he testify that he concluded the defendant was not negligent. Instead, once the victim died eleven days later, a lieutenant

4

who served as the police department's major accident reconstructionist was directed to investigate. After considering numerous variables, the lieutenant concluded that the defendant should have been able to see the victim before hitting him and that she should have stopped more quickly. It was the lieutenant who recommended that the citation issue. That the police waited until the victim died and the accident had been thoroughly investigated before seeking to charge the defendant with negligent vehicular homicide did not require the jury to conclude that the defendant was not negligent.

Next, the defendant argues that even if the Commonwealth's evidence was sufficient to prove negligence, the evidence deteriorated as a result of the defense case. While the defendant offered alternative explanations for how her vehicle could have struck the victim without her negligence, such as the vehicle's A-pillar creating a blind spot, these arguments did not cause deterioration of the Commonwealth's case because they did not establish that the Commonwealth's evidence was "incredible or conclusively incorrect." Kater v. Commonwealth, 421 Mass. 17, 20 (1995), S.C., 432 Mass. 404 (2000). See id. (contradictory evidence does not cause deterioration of Commonwealth's evidence). The jury were not obliged to believe

5

the defendant's explanations, and as shown by their verdict, they did not.

In sum, the evidence was sufficient to convict the defendant.

<u>Judgment affirmed</u>.

By the Court (Henry, Sacks & Singh, JJ.[2]),

*Paul Little*

Clerk

Entered: January 7, 2025.

---

[2] The panelists are listed in order of seniority.