NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-19

COMMONWEALTH

vs.

MARIA D. LOPES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A District Court jury found the defendant guilty of larceny over $1,200 under G. L. c. 266, § 30 (1).  On appeal, the defendant challenges the sufficiency of the evidence that she "took and carried away" property -- $51,705 in cash -- from the victim's safe.[1]  We affirm.

Background.  The defendant served as a live-in housekeeper and caregiver for the victim, who suffered from Lewy body dementia.[2]  A video surveillance system covered several areas of

_____

[1] The defendant moved for a required finding of not guilty at the close of the Commonwealth's evidence and she renewed that motion at the close of all of the evidence.  The judge denied both motions.

[2] The victim was deceased at the time of trial.

the interior of victim's house, including the basement.  The defendant was aware of the surveillance system because she initially requested it be installed to protect the victim from "day workers" who might take advantage of him.  The victim had a large safe in the basement, in which he kept gold coins, silver bars, collectible items, and large sums of cash wrapped in bands and divided into envelopes.  There were two keys to the safe -- one kept in the victim's bedroom and the other held by the victim's daughter, who lived two houses away from the victim and was well acquainted with the defendant.  The daughter also had access to the surveillance system on her cell phone.

Discussion.  We review the evidence in the light most favorable to the Commonwealth to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (citation omitted).  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).  "The inferences that support a conviction need only be reasonable and possible; [they] need not be necessary or inescapable" (quotation and citation omitted).  Commonwealth v. Faherty, 93 Mass. App. Ct. 129, 133 (2018).

Larceny under G. L. c. 266, § 30 (1), requires the Commonwealth to prove the "unlawful taking and carrying away of the property of another with the specific intent to deprive the

person of the property permanently" (footnote omitted). Commonwealth v. St. Hilaire, 470 Mass. 338, 343 (2015). Here, the defendant contends that the evidence was insufficient only as to the element that she "took and carried away" the victim's property.

Viewed in the light most favorable to the Commonwealth, the evidence established the following. On December 1, 2020, the daughter received a series of alerts on her cell phone from the surveillance system. Surveillance video showed the defendant walk into the victim's bedroom, close the door behind her, and take the key to the safe from a bowl on the victim's bureau. The defendant had previously informed the daughter that the victim's key to the safe was missing. Immediately after taking the key to the safe, the defendant dragged a laundry bag through the living room, where the victim sat with another caregiver, and into the basement. Once in the basement, the defendant turned the surveillance camera so that it faced away from the safe. She opened the safe and after several seconds dragged the laundry bag into a different room. The daughter ran to the victim's home and confronted the defendant, who was standing in front of the safe with the door open and the key in the lock. The daughter counted the money in the safe and discovered that $51,705 was missing. The defendant admitted to police that she

had taken money from the safe but claimed she "only took $100."[3] The defendant also admitted to a history of drug use. A couple days later, the daughter found two crack pipes in the defendant's bedroom closet.[4] From this evidence, a rational fact finder could have concluded beyond a reasonable doubt that the defendant took and carried away the money missing from the safe. See Commonwealth v. Emeny, 463 Mass. 138, 151-152 (2012) (evidence was sufficient to convict where Commonwealth provided evidence of motive, means, opportunity, and consciousness of guilt).

We are not persuaded by the defendant's argument that the Commonwealth failed to prove asportation of the money based on the "very short time" between her presence at the safe and the daughter's arrival, as well as the absence of direct evidence that envelopes or bands of money were found on the defendant's

---

[3] The defendant's contention that this was "an uncorroborated confession . . . insufficient to prove guilt" is unavailing. It was not the sole proof of the defendant's culpability and was corroborated by evidence from the daughter that a theft had occurred. See Commonwealth v. Forde, 392 Mass. 453, 458 (1984). Moreover, contrary to the defendant's assertion, a rational jury could have considered the defendant's admission that she stole from the safe without accepting her claim about the amount she took. See Commonwealth v. Kapaia, 490 Mass. 787, 793 (2022).

[4] Although the daughter testified that her brother also had a history of drug use, she stated that he was estranged from the family and had not been to the victim's home in many years.

4

person, near the safe, or in the defendant's bedroom.  Although the Commonwealth did not establish the precise amount of time that elapsed, a rational jury could have found that the defendant had sufficient opportunity to take and carry away the money and then return to the safe in the time it took for the daughter to get to the victim's basement from two houses away.  Furthermore, as discussed above, there was video evidence showing that the defendant brought the laundry bag into a different room after she opened the safe and before the daughter arrived.  See Commonwealth v. Best, 381 Mass. 472, 483 (1980) (circumstantial case is not insufficient where inferences create "web of convincing proof").

Nor did the defendant's evidence deteriorate the Commonwealth's case.  The defendant called one of the responding police officers to testify that there were four to five people at the victim's house when police arrived -- the victim, the daughter, the daughter's husband, the defendant, and Bill Dugan.[5] The officer testified that he was not aware of any evidence that the defendant possessed any money when she was arrested, but he did not book or search her.  Neither fact, if credited by the jury, materially impacted the Commonwealth's case.  See Kater v.

_____

[5] There was no evidence who Bill Dugan was or how long he was at the house.

Commonwealth, 421 Mass. 17, 20 (1995) (deterioration occurs when "evidence for the Commonwealth necessary to warrant submission of the case to the jury is later shown to be incredible or conclusively incorrect").

Judgment affirmed.

By the Court (Rubin,
Brennan & Wood, JJ.[6]),

*Paul Little*

Clerk

Entered:  January 22, 2026.

---

[6] The panelists are listed in order of seniority.