NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-151

COMMONWEALTH

vs.

ROBERT D. BULGAR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the District Court, the defendant was convicted of indecent assault and battery on a child under fourteen. He appeals, arguing that the evidence was insufficient because the Commonwealth failed to prove that he intentionally touched the victim. We affirm.

"[W]e review a challenge to sufficiency of the evidence to determine 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Commonwealth v. Colon, 93 Mass. App. Ct. 560, 562 (2018), quoting Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). "To sustain a conviction of indecent assault

and battery on a child, the Commonwealth must prove 'that (1) the child was not yet fourteen years old at the time of the offense, (2) the defendant intentionally touched the child without legal justification or excuse, and (3) the touching was indecent.'" Colon, supra, quoting Commonwealth v. Cruz, 93 Mass. App. Ct. 136, 138 (2018). The defendant challenges the sufficiency of the evidence only as to the second element. Because the defendant moved for a required finding of not guilty at the close of the Commonwealth's case and again at the close of all the evidence, we consider both whether the Commonwealth proved the contested element in its case-in-chief and whether the Commonwealth's evidence deteriorated after it closed its case. See Commonwealth v. Ross, 92 Mass. App. Ct. 377, 381 (2017).

The Commonwealth presented its case primarily through the testimony of the victim, who was twelve years old at the time of the assault. According to her testimony, the defendant was the longtime boyfriend of the victim's mother and moved into their home when the victim was in the fourth grade. One day, the victim was lying in bed when the defendant entered her room, ignored her gestures for him to leave, and laid down next to her, pressing his body against hers. The defendant then placed his hand on the victim's stomach, reached under her shirt, and moved his hand up to touch her breast over her sports bra.

After resting his hand there for several seconds, the defendant reached under the victim's sports bra to touch her bare breast. The victim did not remember how long the defendant's hand was on her bare breast, but he kept it there until she stood up to leave. At some point while the defendant's hand was inside the victim's shirt, he asked her what type of bra she was wearing.

This testimony was sufficient to show that the defendant committed an intentional touching. "The sworn testimony of the victim of a sexual assault . . . is evidence of the facts asserted." Commonwealth v. Gonzalez Santos, 100 Mass. App. Ct. 1, 3 (2021). Here, the victim's testimony about how the defendant maneuvered his hand through layers of her clothing to touch her breast, and kept his hand there until she stood up, allowed the jury to find beyond a reasonable doubt that the touching was intentional, and not accidental as the defendant claims. The defendant's various assertions that the victim was not credible are immaterial to sufficiency, as credibility determinations are "solely within the province of the jury." Commonwealth v. Kapaia, 490 Mass. 787, 793 (2022), quoting Commonwealth v. Norris, 483 Mass. 681, 686 (2019). See Gonzalez Santos, supra (victim's "testimony, which the jury found to be credible, was sufficient, standing alone, to support a finding beyond a reasonable doubt as to each of the convictions").

The Commonwealth's case did not deteriorate at the close of all the evidence. Deterioration occurs only where the Commonwealth's evidence is shown to be "incredible or conclusively incorrect." Ross, 92 Mass. App. Ct. at 381, quoting Kater v. Commonwealth, 421 Mass. 17, 20 (1995). Although the defendant testified in his own defense that he did not intentionally touch the victim's breast, "[d]eterioration does not occur merely because the defendant contradicted the Commonwealth's evidence." Ross, supra. The jury were free to disbelieve the defendant's testimony and credit that of the victim, which again was sufficient alone to sustain the conviction.

Judgment affirmed.

By the Court (Vuono, Shin & Smyth, JJ.[1]),

Clerk

Entered: January 28, 2026.

---

[1] The panelists are listed in order of seniority.